IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY UPSHAW, #217543, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:04-cv-1125-WKW |
| | ) |
| BILLY MITCHEM, *et al.*, | ) |
| | ) |
| Respondents. | **)** |

## ORDER ADOPTING RECOMMENDATION

On May 24, 2007, the magistrate judge Recommended (Doc. # 40) that Anthony Upshaw's ("Upshaw") case be dismissed with prejudice. On June 7, 2007, Upshaw filed objections to the Recommendation (Doc. # 41) arguing that the court erred in failing to address his argument that his state remedies had been properly exhausted in light of *Haynes v. State*, 302 So. 2d 208 (Ala. 1974) and *Ex parte Duncan*, 456 So. 2d 362, 364 (Ala. 1984). Upshaw further argues that the court erred in not citing the aforementioned cases in its Recommendation. However, contrary to Upshaw's assertion, the court did address his "exhaustion" argument. In so doing, the court determined that Upshaw did not properly exhaust his state remedies and therefore procedurally defaulted the majority of his ineffective assistance of counsel claims and his challenge to the trial court's jurisdiction. The Recommendation stated the following:

> The majority of the pending claims of ineffective assistance of counsel are likewise procedurally defaulted as is the challenge to the trial court's jurisdiction because Upshaw failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed. 2d 1 (1999); *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003); *Smith v Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001). Specifically, Upshaw did not present these

> claims in the brief filed on appeal from the denial of his Rule 32 petition and the Alabama Court of Criminal Appeals deemed these claims precluded for such failure. *Respondents' Exhibit 1 - Memorandum Opinion on Appeal of Rule 32 Petition at 2.* The appellate court denied rehearing of its decision and the Alabama Supreme Court refused to grant certiorari to review this decision. Thus, these claims are pending on 'a determination as to whether either of the two "narrow circumstances" applies to excuse the procedural default.' (*Id.*).

(Rec. at 22.)

The state appellate court based its decision on applicable state procedural rules. The cases cited by the petitioner go to the issue of whether his claims were properly presented to the state courts in accordance with state procedural rules so that no default occurred. However, as noted in the Recommendation, the last state court to address the defaulted claims denied them as barred from review due to Upshaw's failure to present them in his initial Rule 32 appellate brief.

> On appeal from the trial court's denial of Upshaw's Rule 32 petition, the Alabama Court of Criminal Appeals determined that all claims 'presented [by Upshaw] in his petition,' other than the four claims of ineffective assistance of counsel raised by counsel in the appellate brief, 'are deemed to be abandoned' and therefore not properly before the court for review. *Respondents' Exhibit I - Memorandum Opinion on Appeal from Denial of Rule 32 Petition* at 2.

(Rec. at 14, n.4.) This determination constitutes the basis for Upshaw's default on his claims in this court. *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.") (citation omitted).

Upshaw also relies on *Haynes* and *Duncan* as evidence that the state courts failed to consistently apply the relevant state procedural rule as a basis for procedural default. The respondents presented evidence to refute this assertion and the court decided this claim adversely to the petitioner. (Rec. at 23.) The determination did not necessitate citing the cases on which Upshaw relied in his objections.

Upshaw further objects to the court's determination that "since there is no federal constitutional right to counsel in state post-conviction proceedings it means that counsel cannot be ineffective and cannot be the 'cause' for the procedural default." (Obj. at 10.) He argues that the cases on which the court relies in making this determination are due to be "re-visited" because of the harsh circumstances which occur when procedural defaults arise from ineffective assistance of counsel in state collateral proceedings. (*Id.* at 11.) This assertion is without merit as the law is well settled that "a petitioner cannot claim constitutionally ineffective assistance of counsel" in state post-conviction proceedings because "[t]here is no constitutional right to an attorney" in such proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted). Error by counsel in a state post-conviction proceeding "cannot be constitutionally ineffective; therefore [the petitioner] must 'bear the risk of attorney error that results in a procedural default.'" *Id.* at 752-753 (citation omitted); *See McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992) ("Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [the state's procedural rules].").

In light of the foregoing, the objections filed by Upshaw are due to be overruled and the Recommendation adopted.

3

## **CONCLUSION**

It is ORDERED that:

1. The Objection (Doc. # 41) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 40) is ADOPTED; and

3. This case is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 5th day of July, 2007.

        /s/ W. Keith Watkins
        UNITED STATES DISTRICT JUDGE